1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KATHLEEN O. PETERSON (State Bar #124791)
*kpeterson@catespeterson.com*
CATES PETERSON LLP
4100 Newport Place, Suite 230
Newport Beach, CA 92660
Telephone: (949) 724-1180

Attorneys for Plaintiff SAMBAZON, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBAZON, INC., a Delaware corporation<br><br>    Plaintiff,<br><br>v.<br><br>TROPICAL AÇAÍ LLC, a Florida limited liability company; MARCELLO NOGUERIA PRATES, an individual; GUSTAVO DIAS BREDA; an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 8:17-cv-02185<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br><br>**(2) CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200,** *et seq.)***;**<br><br>**(3) COMMON LAW TRADE DRESS INFRINGEMENT; and**<br><br>**(4) COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Sambazon, Inc. ("Plaintiff" or "Sambazon"), for its Complaint against Defendants Tropical Açaí LLC, Marcello Nogueria Prates, and Gustavo Dias Breda (collectively "Defendants" or "Tropical Açaí") alleges as follows:

## NATURE OF ACTION

1.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint includes claims arising under the Lanham Act, 15 U.S.C. § 1125(a).

2.      This is an action to redress violations of the Lanham Act for trade dress infringement and false designation of origin (15 U.S.C. § 1125(a)), and the California Business & Professions Code for unfair competition (§§ 17200 *et seq.*), as the result of Defendants' willful and unauthorized use of Sambazon's protected, non-functional and inherently distinctive trade dress.  Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement and unauthorized use, monetary remedies, reasonable attorneys' fees, and other relief.

## PARTIES

3.      Plaintiff Sambazon is a Delaware corporation with its principal place of business located at 209 Avenida Fabricante, San Clemente, California, 92672.

4.      Defendant Tropical Açaí LLC is a Florida limited liability company with its principal place of business located at 587 E. Sample Road. Pompano Beach, Florida, 33064.

5.      On information and belief, Defendant Marcello Nogueria Prates is one of the principals of Tropical Açaí LLC and is a Florida resident.

6.      On information and belief, Defendant Gustavo Dias Breda is one of the principals of Tropical Açaí LLC and is a Florida resident.

**7.**      The names of defendants Does 1 through 10 are unknown to Sambazon who, therefore, sues them by these fictitious names.  Their names will

1

COMPLAINT

be alleged as soon as they are ascertained.  Does are individuals or business entities who are liable for the damages which are subject of this complaint.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint includes claims arising under the Lanham Act, 15 U.S.C. § 1125(a).

9.     This Court has pendant, ancillary and/or supplemental jurisdiction over the California State claim for violation of the California Business & Professions Code under 28 U.S.C. § 1367.

10.     Defendants have used the website located at www.tropicalacai.com (the "Tropical Website") to advertise and promote various food products containing the açaí fruit.  On information and belief, Defendants have engaged in numerous contacts with potential distributors and/or other customers located in California for the products advertised on the Tropical Website.  On information and belief, Defendants have shipped products advertised on the Tropical Website to retailers in California, including major retailers such as Trader Joe's.  This Court therefore has specific personal jurisdiction over the Defendants.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) because events giving rise to the claims alleged herein have occurred, are occurring and will continue to occur in this judicial district, the infringement has occurred, is occurring and will continue to occur in this judicial district, and the harm sustained by Plaintiff has been, is being and will continue to be incurred in this judicial district.

## GENERAL ALLEGATIONS

12.     Founded in 2000, Sambazon was one of the first companies to successfully commercialize açaí in the United States.  Today, Sambazon is one of

2

COMPLAINT

the largest manufacturers and distributors of organic products containing the nutrient-rich power of açaí.  These products include fresh juices, frozen pulp packs, frozen desserts and snacks and energy drinks.  Sambazon also owns and operates Sambazon Cafés up and down the California coast that offer, among other items, açaí smoothies and bowls.

13.     Sambazon has worked diligently over the years to develop a distinctive brand identity to reflect its mission to share the nutritional benefits of açaí with the world and inspire people to do good, be good, and create change.  In its own business, Sambazon supports sustainable harvesting practices in the Brazilian Amazon.  It insists on only producing foods that are certified USDA Organic, Fair Trade, and non-GMO.

14.     Sambazon's efforts have not only generated tremendous business growth and large sales of its açaí products, but also resulted in numerous accolades, including a 2006 Award for Corporate Excellence from the U.S. State Department.

### Plaintiff's Inherently Distinctive Trade Dress

15.     Sambazon's brand identity is reflected in its trademarks and in the distinctive trade dress of its products' packaging and advertising.  Sambazon uses a consistent trade dress in its product packaging and advertising comprising a combination of a number of elements: (1) dark purple backgrounds; (2) light green accents; (3) a thick hand-painted font; and (4) an image of an Amazonian warrior wearing a headdress (the "Sambazon Trade Dress").

3
COMPLAINT

1    16.   Representative images of product packaging containing the Sambazon

2  Trade Dress are presented below:






19    17.   The Sambazon Trade Dress is also incorporated in its website located

20  at www.sambazon.com  (the "Sambazon Website").  The pages of the Sambazon

21  Website use the very same dark purple background, light green accents and a thick

22  hand-painted font.  Further, each page of the website includes the same Amazonian

23  warrior image in the top left-hand corner of the site.  By way of example, below is

4

COMPLAINT

1   a depiction of one of the product pages of the Sambazon Website, located at

2   https://www.sambazon.com/superfruit-packs/.



18.    Consumers widely recognize the Sambazon Trade Dress as indicating goods and services that come from a single source reflecting the enormous goodwill that Sambazon has diligently developed in its brand over the last 17 years.

**Defendants' Products and Website**

19.    Defendants' website is used to promote açaí products which compete with those of Sambazon.  This website, located at www.tropicalaçai .com, (the "Tropical Website") incorporates the Sambazon Trade Dress and contains a number of additional elements reflecting Defendants' intent to benefit from Sambazon's goodwill.

20.    The Tropical Website incorporates each of the four elements making up the Sambazon Trade Dress.  As shown below, the Tropical Website includes a dark purple background with light green accents, uses a thick hand-painted font and also displays an image of an Amazonian warrior in a headdress.



21.    In comparing the above page to the home page on the Sambazon Website, Defendants' intention to mimic the Sambazon website is clear:



22.    Defendants' intent is also revealed in its copying of various phrases from the Sambazon Website.  For example, on the Tropical Website, Defendants took Sambazon's "Born of the Amazon" phrase and presents it as "Born and Passionate about Amazon."  Similarly, the Sambazon Website speaks of Sambazon's mission "to share açaí with the world."  Defendants state their "mission" as "to take real açaí from the amazon to the world."

23.    On one page of the Tropical Website, Defendants do not even bother to try to modify the language from the Sambazon Website.  In advertising its sorbets, Defendants slavishly copy the following language from the Sambazon Website: "Explore our Dairy-free Superfruit Sorbets – Made From Delicious Organic Açaí. Wild-Harvested from the heart of the Amazon."

24.    On information and belief, Defendants Prates and Breda personally directed and/or participated in the design of the Tropical Website and the copying of the Sambazon Trade Dress.

25.    Defendants copying of the Sambazon Trade Dress also extends to their product packaging.  By way of example, here is a Tropical Açaí açaí pack next to Sambazon's açaí pack:

 

7

COMPLAINT

26.     In their packaging, Defendants have incorporated key elements of the Sambazon Trade Dress including the dark purple background, light green accents and the image of the Amazon warrior.

27.     Defendants' intent to confuse Sambazon's retail customers is also demonstrated in its blatant copying of the design of Sambazon's cardboard cartons containing products for resale.  For example, below is a sample Sambazon cardboard carton containing Sambazon's Smoothie Packs:



28.     Tropical Açaí designed its carton containing its açaí products for resale to closely resemble the Sambazon carton including the use of the same font style, font size, font placement and color, as shown here:



COMPLAINT

1    29.    On information and belief, Defendants Prates and Breda personally

2 directed and/or participated in the design of the Tropical Açaí product packaging

3 and the copying of the Sambazon Trade Dress.

4    30.    As a result of Sambazon's continuous and widespread use of the

5 Sambazon Trade Dress since as early as 2002, Sambazon owns valuable goodwill

6 in the Sambazon Trade Dress, which is inherently distinctive and non-functional,

7 for its high quality açaí products and services.

8    31.    Tropical Açaí's use of the Sambazon Trade Dress is without

9 authorization of Sambazon.

10    32.    Tropical Açaí's unauthorized use of the Sambazon Trade Dress in

11 connection with its açaí products is likely to cause confusion, or to cause mistake,

12 or to deceive concerning the source of the parties' goods and/or services and/or

13 whether Sambazon has sponsored, endorsed or licensed Tropical Açaí's products

14 and/or whether there is any connection or affiliation between Tropical Açaí and

15 Sambazon.

16    33.    Defendants' continued unauthorized use of the Sambazon Trade Dress

17 is causing irreparable harm and will continue to cause irreparable harm to the

18 goodwill of the Sambazon Trade Dress, the ability of that trade dress to serve as a

19 source indicator for the goods and services offered under the Sambazon Trade

20 Dress, and Plaintiff's ability to control the use of the Sambazon Trade Dress so that

21 it may function as a source identifier.

22    34.    Defendants' unauthorized use of the Sambazon Trade Dress is also

23 unjustly increasing the profits of Defendants' business to the detriment of

24 Sambazon and at no cost to Defendants.

25

26

27

28

COMPLAINT

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADE DRESS INFRINGEMENT AND FALSE
## DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

35.     Sambazon restates and realleges the allegations of paragraphs 1 through 34.

36.     The Sambazon Trade Dress is inherently distinctive and not functional.

37.     Defendants' unauthorized use of the Sambazon Trade Dress in connection with the Infringing Products is likely to cause confusion, or to cause mistake or to deceive as to (i) the affiliation, connection, or association of Tropical Açaí with Sambazon, (ii) the origin of the parties' respective goods and/or (iii) the sponsorship, endorsement, or approval of Tropical Açaí's goods by Sambazon or of Sambazon's goods by Defendants, all in violation of 15 U.S.C. § 1125(a).

38.     Defendants' actions in violation of Section 1125(a) have been willful and continue to be willful.  Defendants deliberately copied the Sambazon Trade Dress in designing its website.

39.     Defendants' actions in violation of Section 1125(a) have caused and will continue to cause Sambazon to sustain damage, loss and injury, in an amount that cannot be fully measured or compensated in economic terms, and unjustly enrich Defendants at Sambazon's expense.  The actions of Defendants have damaged and will continue to damage Sambazon's goodwill and reputation.

40.     Defendants' actions in violation of Section 1125(a) have caused and will continue to cause Sambazon to sustain irreparable damage, loss and injury, for which Sambazon has no adequate remedy at law, unless Defendants' acts are enjoined during the pendency of this action and thereafter.

COMPLAINT

## SECOND CLAIM FOR RELIEF:
## CALIFORNIA UNFAIR COMPETITION
### (CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*)

41.    Sambazon restates and realleges the allegations of paragraphs 1 through 40.

42.    Defendants have engaged in unlawful business practices within the meaning of California Business and Professions Code §§ 17200 *et seq.* when engaging in the conduct alleged in this Complaint.  This conduct includes, without limitation, Defendants' unauthorized use and/or infringement of the Sambazon Trade Dress in connection with the marketing, advertising, promotion, offering for sale, and selling of the Infringing Products.

43.    Such conduct is "unlawful" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it violates Section 43(a) of the Lanham Act, as alleged above, and violates California unfair competition law.

44.    Such conduct is "fraudulent" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it creates a situation where relevant consumers are likely to be deceived.  Defendants' acts are likely to deceive the public in that they mislead members of the public into believing that Defendants' products come from Sambazon and/or that there is an affiliation between Sambazon and Tropical Açaí or between their respective products and/or that Sambazon endorses or sponsors Defendants' products or that Defendants endorses or sponsors Sambazon's products.

45.    Such conduct is "unfair" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it offends public policy and constitutes unfair competition.

COMPLAINT

46.     As a result of Defendants' unlawful, fraudulent, unfair and deceptive conduct, Sambazon has suffered and will continue to suffer economic losses for which it seeks restitution in an amount to be proven at trial and other harm to the goodwill represented by the Sambazon Trade Dress in an amount that cannot be fully measured or adequately compensated in economic terms.

47.     Defendants' acts have caused and will continue to cause Sambazon to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law, unless Defendants' acts are enjoined during the pendency of this action and thereafter.

**THIRD CLAIM FOR RELIEF:**

**COMMON LAW**

**TRADE DRESS INFRINGEMENT**

48.     Sambazon restates and realleges the allegations of paragraphs 1 through 47.

49.     Defendants actions as alleged above constitute common law trade dress infringement.  The Sambazon Trade Dress is distinctive and non-functional and therefore constitutes valid trade dress that serves to communicate to consumers that the products on which it is used come from a single source.

50.     Defendants' use of the Sambazon Trade Dress on infringing products and advertisements and marketing materials for the same is likely to deceive the public in that they mislead members of the public into believing that Defendants' products come from Sambazon (or that Sambazon's products come from Defendants) and/or that there is an affiliation between Sambazon and Tropical Açaí or between their respective products and/or that Sambazon endorses or sponsors or has granted a license for Defendants' products or that Defendants endorses or sponsors or has granted a license for Sambazon's products.

51.     As a result of Defendants' infringement of the Sambazon Trade Dress, Sambazon has suffered and will continue to suffer economic losses in an amount to be proven at trial and other harm to the goodwill represented by the Sambazon Trade Dress in an amount that cannot be fully measured or adequately compensated in economic terms.

## FOURTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

52.     Sambazon restates and realleges the allegations of paragraphs 1 through 51.

53.     Defendants actions as alleged above constitute common law unfair competition because through its copying of the Sambazon Trade Dress, Defendants is passing off its products as Sambazon products or as products endorsed, sponsored, approved or licensed by Sambazon.

54.     Defendants' acts are likely to deceive the public in that they mislead members of the public into believing that Defendants' products come from Sambazon and/or that there is an affiliation between Sambazon and Tropical Açaí or between their respective products and/or that Sambazon endorses or sponsors or has granted a license for Defendants' products or that Defendants endorses or sponsors or has granted a license for Sambazon's products

55.     As a result of Defendants' unfair competition, Sambazon has suffered and will continue to suffer economic losses in an amount to be proven at trial and other harm to the goodwill represented by the Sambazon Trade Dress in an amount that cannot be fully measured or adequately compensated in economic terms.

COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

A.      That Defendants, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

1. Using the Sambazon Trade Dress or any packaging design confusingly similar to the Sambazon Trade Dress, in connection with the advertisement, promotion, distribution, offering for sale or selling of any goods or services, including without limitation the advertisement, promotion, distribution, offering for sale or sale of the Infringing Products;

2. Performing any acts or using any trade dress, trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Sambazon and Defendants are one and the same or are in some way connected or that Sambazon has endorsed, licensed, or is a sponsor of Defendants (or that Defendants has endorsed, licensed, or is a sponsor of Sambazon) or that the goods or services of Defendants originate with Plaintiff or any authorized user of the Sambazon Trade Dress or are likely to lead the trade or public to associate Defendants with Sambazon; and

3. Engaging in acts of unfair competition, as defined by the California Business and Professions Code §§ 17200 *et seq.*;

4. Reproducing, publicly displaying or distributing Sambazon's copyrighted materials in any media in any form, including without limitation on any website owned, operated or controlled by Defendants.

14

COMPLAINT

B.      That Defendants be required to file with the Court and serve on Sambazon a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

C.      That Sambazon be awarded all Defendants' profits attributable to their infringement of the Sambazon Trade Dress, in an amount to be determined at trial, and that such amount be trebled;

D.      That Sambazon be awarded all actual damages caused by Defendants' infringement of the Sambazon Trade Dress, in an amount to be determined at trial, and that such amount be trebled;

E.      That Plaintiff recover its reasonable attorneys' fees and costs of suit under 15 U.S.C. § 1117, as this case is exceptional, under California Code of Civil Procedure § 1021.5; and under other applicable law.

G.      That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

Dated: December 14, 2017

                                    Respectfully submitted,


                              By:/s/ *Kathleen O. Peterson*
                                    KATHLEEN O. PETERSON
                                    Of CATES PETERSON LLP
                                    Attorneys for Plaintiff SAMBAZON, INC.

15
COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury as to all claims triable by jury.

3

4
Dated: December 14, 2017

5

6
By: /s/ *Kathleen O. Peterson*
KATHLEEN O. PETERSON

7
Of CATES PETERSON LLP
Attorneys for Plaintiff SAMBAZON, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

COMPLAINT